

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| BARBARA BODDIE,<br>　　　　Plaintiff,<br>vs.<br><br>KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,<br>　　　　Defendant. | §<br>§<br>§　　CIVIL ACTION NO.  6:23-444-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS**

This is a Social Security appeal in which Plaintiff Barbara Boddie (Boddie) seeks judicial review of the final decision of Kilolo Kijakazi, Acting Commissioner of Social Security (Kijakazi), denying her claim for disability insurance benefits (DIB).  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Kijakazi's final decision be affirmed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 6, 2023, Boddie filed her objections on November 20, 2023, and Kijakazi filed her reply on November 30, 2023. The Court has carefully reviewed Boddie's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Boddie filed an application for DIB on December 28, 2015, alleging that she became unable to work on November 24, 2014. The application was denied initially and on reconsideration.

She subsequently requested a hearing, which the Administrative Law Judge conducted on April 10, 2018. The ALJ concluded Boddie was not under a disability as defined in the Social Security Act (the Act). The ALJ's finding became the final decision of the Commissioner of Social Security when the Appeals Council denied the plaintiff's request for review.

On August 23, 2019, Boddie filed a complaint in the United States District Court for the District of South Carolina, and on January 4, 2021, the Court remanded the case to the Commissioner for further proceedings.

On October 22, 2021, a second administrative hearing was held, after which the ALJ determined Boddie was not disabled, as defined by the Act. The ALJ's finding became the final decision of the Commissioner of Social Security when the Appeals Council denied Boddie's request for review. She then filed this action for judicial review.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to her past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

It is the claimant's duty both to produce evidence and prove she is disabled under the Act. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

Although ALJs must sufficiently explain the reasons for their rulings to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence[;] [instead,] he must . . . build an accurate and logical

3

bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted).  The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."  *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).  Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

With this law as a framework, the Court will consider Boddie's objections.  But, before it does, it instructs the bar, going forward, to specifically list and number any objections, and subparts to the objections, they file to the Report.  In this instance, it has taken a significant amount of the Court's time attempting to tease out the specific objections contained in Boddie's twelve-page submission.

In Boddie's first objection, she argues the Magistrate Judge erred in suggesting substantial evidence supports the ALJ's finding she could perform simple and detailed work with a reasoning level up to 3.

The ALJ set forth the following RFC for Boddie:

> After careful consideration of the entire record, I find that, through the date last insured, [Boddie] had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except frequent pushing/pulling with the upper extremities; no climbing of ropes, ladders, and scaffolds; no crawling; occasional stooping; frequent climbing of ramps and stairs, balancing, kneeling, and crouching; frequent overhead reaching with the right upper extremity; frequent handling and finger; occasional exposure to loud background noise; occasional exposure to hazards (dangerous moving machinery and unprotected heights); could perform simple and detailed work with occasional decision-making; frequent judgment required on the job; occasional changes in the work setting; and a reasoning level up to and including three. This could be performed on a sustained basis eight hours a day, five days a week in two-hour increments with normal breaks for an eight-hour day. In addition, she could have occasional contact with the public and coworkers.

A.R. at 982.

As per the Dictionary of Occupational Titles, level three refers to one who is able to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *Id*., app. C, ¶ III (4th ed.1991), 1991 WL 688702.

There are three subparts to Boddie's first objection. First, Boddie complains "the ALJ weighed the same opinions the same way, yet offered differing limitations each time." Objections 1-2. The reader will recall this is the second time this case has been before this Court. Boddie is arguing here "the ALJ provided no rationale for the change in his RFC, which was based on the same evidence," Plaintiff's Brief at 22.

But, as the Magistrate Judge stated, "because the ALJ's first decision was vacated, the ALJ was not bound by the determination or findings in the first decision." Report at 7-8 (citing *Monroe*

*v. Colvin*, 826 F.3d 176, 186–87 (4th Cir. 2016) (holding that res judicata did not apply to an ALJ decision that was vacated and remanded after review by the Appeals Council)).

Second, Boddie argues "[t]he jobs offered by the [vocational expert], and adopted by the ALJ to deny Boddie's claim each require a GED reasoning level of 2 or 3[,] which fit with the ALJ's RFC, but exceed the limitations offered by Xanthia Harkness, Ph.D. (Dr. Harkness), and Rebekah Jackson, Ph.D., (Dr. Jackson), which the ALJ indicated reliance upon."  Objections at 3.  "This conflict[,]" according to Boddie, "has not been reconciled."  *Id*.

"Dr. Harkness opined, pertinent hereto, that [Boddie] would be limited to short simple instructions and simple tasks.  Dr. Jackson opined, in pertinent part, . . .[she] would be limited to simple tasks and instructions."  Report at 8.

As other Courts in this district have rightly held, however, "the law does not require the ALJ to incorporate in Plaintiff's RFC every limitation found by a physician whose opinion the ALJ gave significant weight."  *Jordan v. Berryhill*, No. 0:17-cv-2354-BHH, 2019 WL 1074819, at *4 (D.S.C. March 7, 2019).

Third, Boddie maintains "the evidence supports the opinions of Dr. Harkness and Dr. Jackson.  These limitations conflict with the ALJ's findings[.]"

But, both the Magistrate Judge and the ALJ went into great detail explaining how substantial evidence supports the ALJ's decision.  For instance, in the decision, the ALJ noted:

> [I]n limiting [Boddie] to simple and detailed work I found the activities of daily living, work activity, applying for unemployment benefits and the mental longitudinal history persuasive. [Boddie] was reported to have depressed mood and affect, anxiety, depression and was nervous and anxious.  On the other hand[,] the mental longitudinal history revealed normal attention, concentration, mood and affect.  At the first hearing[,] [Boddie] testified that she would go on the Internet, text, email, cook and do laundry.  When balancing

6

>> these factors I was persuaded Boddie] could perform simple and detailed work.

A.R. at 988.

For all these reasons, the Court will overrule Boddie's first objection.

Boddie's second objection is the Magistrate Judge erred in suggesting the ALJ properly considered the medical opinion evidence. There are four subparts to this objection.

First, Boddie contends "the Magistrate Judge errs in allowing the ALJ's summary of Boddie's treatment records to stand in place of a reasoned assessment of the opinion evidence he relied upon when formulating Boddie's RFC." The gist of Boddie's contention here appears to be the ALJ failed to consider all of the records or all of the applicable factors in formulating Boddie's RFC.

But, having made a de novo review of the record in this case, the Court is constrained to agree with the Magistrate Judge that "the ALJ's decision contained a clear discussion of the mental RFC findings – including a specific explanation of how he determined . . . [Boddie] could engage in simple and detailed work." Report at 9.

Second, Boddie states "[t]he Magistrate Judge erroneously allows the ALJ's summary to stand in place the requisite discussion of specifically which evidence the ALJ found conflicted with the treating opinions and how he reconciled that evidence with the evidence that support the treating opinions." Objections at 6. The Court disagrees. The ALJ provided a cogent explanation of his decision, Boddie has failed to show there is any legal error, and substantial evidence supports the ALJ's determination.

This appears to be an invitation for the Court to reweigh the evidence in this case in the hopes of coming to a different conclusion than the ALJ did. But, "[i]n reviewing for substantial evidence,

7

[the Court does] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

Third, Boddie maintains "the Magistrate Judge has provided impermissible post hoc rationale" with the Magistrate Judge's statement the opinion from Joseph Friddle, P.A. (Mr. Friddle) and Jeff Smith, M.D. (Dr. Smith) "would suggest that [Boddie's] mental impairments did not meet the duration requirement of 'at least 12 months' under 20 C.F.R § 404.1509, as they indicated on one form a range from six to twelve months and on another form that the plaintiff would only be disabled for nine months." Objections at 7 (quoting Report at 15).

But, the Court is unable to say the Magistrate Judge erred when he noted additional evidence, which was consistent with the ALJ's finding the weight given to the evidence from Mr. Friddle and Dr. Smith was supported by substantial evidence.

Fourth, Boddie argues "the Magistrate Judge fails to consider . . . there can be no question that the record also contained abnormal findings during the relevant period and consistent opinions from treating providers related to the relevant period that supported disabling limitations." Objections at 9. But, the Court is convinced both the ALJ and the Magistrate Judge considered all of the evidence in the record, applied the law correctly, and relied upon substantial evidence to conclude Boddie has failed to establish her disability.

For these reasons, the Court will also overrule Boddie's second objection.

The Court has considered Boddie's remaining objections, but holds them to be without merit. It will thus overrule them, too.

The ALJ's opinion, although imperfect, is a good and exhaustive one. "No principle of administrative law or common sense requires [the Court] to remand a case in quest of a perfect

opinion unless there is reason to believe that the remand might lead to a different result" *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989).  Here, even a perfect opinion would fail to lead to a difference result.

In sum, the Court has little trouble concluding there is substantial evidence to support the ALJ's conclusion Boddie failed to establish she was disabled under the Act during the relevant time period; the ALJ's decision is detailed enough to permit this Court's review; the ALJ's decision is free from any reversible legal error; and the ALJ's determination is reasonable.

Thus, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Boddie's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Kijakazi's final decision denying Boddie's DBI claim is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 25th day of March, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE